UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | CRIMINAL CASE NO. |
| | : | 3:13-CR-00190-VLB |
| v. | : | |
| | : | |
| **LEROY MCCOY** | : | August 15, 2014 |

**Order Denying Defendant's [79] Motion to Dismiss the Indictment**

I.     Introduction

Before the Court is Defendant Leroy McCoy's Motion to Dismiss the Indictment returned against him by the grand jury sitting in New Haven, Connecticut, on the ground that the indictment is based only on hearsay evidence. For the reasons that follow, the Defendant's motion is DENIED.

II.    Background

On October 2, 2013 a federal grand jury sitting in New Haven, Connecticut returned a four count indictment against defendants Leroy McCoy, Michael Morris, and Keith Sutherland, charging each with one count of conspiracy in violation of 18 U.S.C. § 371. Sutherland was additionally charged with one count and McCoy and Morris with three counts of armed bank robbery in violation of 18 U.S.C. § 2113.

The indictment alleges as follows. On or about April 19, 2011, Morris, McCoy, and Sutherland stole a mini-van from New Haven, Connecticut and, on April 20, Morris and McCoy drove to and entered Naugatuck Savings Bank in Southbury, Connecticut and by force, violence and intimidation took approximately $56,000. [Dkt. 1, Indictment ¶3a-c]. On or about October 7, 2011,

1

Morris, McCoy, and Sutherland stole a mini-van from New Haven, Connecticut and, on the same day, Morris and McCoy drove to and entered Webster Bank in Cromwell, Connecticut and by force, violence and intimidation took approximately $60,000.  [Dkt. 1, Indictment ¶3d-f].  On April 19, 2012, Morris, McCoy, and Sutherland stole a mini-van from New Haven and, the same day, Morris and McCoy drove to and entered Connex Credit Union in Wallingford, Connecticut where by force, violence and intimidation they took approximately $115,000.  [Dkt. 1, Indictment ¶3g-i].  On or about April 2012 McCoy and Sutherland burned money bands from the Connex Credit Union bank robbery. [Dkt. 1, Indictment ¶3j].

Leroy McCoy was arrested on October 4, 2013 and was presented before Magistrate Judge Thomas P. Smith the same day.  He has been detained since his arrest.

### III.   Analysis

Mr. McCoy has moved to dismiss the indictment on the grounds that it was obtained in violation of Federal Rule of Evidence 404, *Bruton v. United States*, 391 U.S. 123 (1968), and the Sixth Amendment right to Confrontation because the indictment is based only on hearsay testimony from a cooperating co-defendant. The Government opposes McCoy's motion.

#### a.   Standard for Dismissal of an Indictment

The grand jury is a "constitutional fixture in its own right" which is founded on the idea that "it belongs to no branch of the institutional Government, serving as a kind of buffer or referee between the Government and the people." *United*

2

*States v. Williams*, 504 U.S. 36, 47 (1992). A grand jury enjoys broad investigative powers, "generally operates without the interference of a presiding judge" in its day to day operations, and "deliberates in total secrecy." *Id*. at 48.

Although Federal Rule of Criminal Procedure 12 allows a defendant to make a motion "alleging a defect in the indictment or information" before trial, Fed. R. Crim. P. 12(b)(3)(B), "[a]n indictment returned by a legally constituted and unbiased grand jury, like an information drawn by the prosecutor, if valid on its face, is enough to call for trial of the charge on the merits. The Fifth Amendment requires nothing more." *Costello v. United States*, 350 U.S. 359, 363 (1956). Dismissal of an indictment "is justified to achieve either of two objectives: to eliminate prejudice to a defendant; or, pursuant to our supervisory power, to prevent prosecutorial impairment of the grand jury's independent role." *United States v. Dyman*, 739 F.2d 762, 768 (2d Cir. 1984) (citation omitted). Dismissal due to a defect in a grand jury proceeding, though, is "the most drastic remedy" and is rarely employed. *Id*. A court may only dismiss an indictment for prosecutorial misconduct that is prejudicial to the defendant. *Bank of Nova Scotia v. United States*, 487 U.S. 250, 255 (1988). Thus, dismissal of an indictment before trial "is appropriate only if it is established that the violation substantially influenced the grand jury's decision to indict, or if there is grave doubt that the decision to indict was free from the substantial influence of such violations." *Id*. at 256.

   b. <u>Use of Hearsay and other Evidence in Grand Jury Proceedings</u>

The Federal Rules of Evidence are not applicable to grand jury proceedings. Fed. R. Evid. 1101(d)(2) ("These rules – except for those on

3

privilege – do not apply to … grand-jury proceedings"). "[I]n this country as in England of old the grand jury has convened as a body of laymen, free from technical rules, acting in secret, pledged to indict no one because of prejudice and to free no one because of special favor." *Costello*, 350 U.S. at 362. *See also United States v. Ayeki*, 289 F. Supp. 2d 183, 186 (D. Conn. 2003) ("the rules of evidence do not apply at the grand jury stage").

As such, hearsay evidence is generally admissible before a grand jury. *Costello*, 350 U.S. at 363 (indictment returned against criminal defendants based solely on hearsay did not violate the Fifth Amendment; declining to adopt a rule that criminal defendants may challenge indictments on the ground that they are not supported by adequate or competent evidence, as such a rule "would run counter to the whole history of the grand jury institution, in which laymen conduct their inquiries unfettered by technical rules."). Generally, a prosecutor's reliance on hearsay evidence before a grand jury may be grounds for dismissal of an indictment where the grand jury was misled or misinformed. The Second Circuit has noted that

> [t]he use of hearsay testimony before a grand jury raises questions about the validity of an indictment only when the prosecutor misleads the grand jury into thinking it is getting first-hand testimony when it really is receiving hearsay, ... or where there is a high probability that if eyewitness rather than hearsay testimony had been used, the defendant would not have been indicted.

*United States v. Diaz*, 922 F.2d 998, 1005-06 (2d Cir. 1990) (quoting *United States v. Dyman*, 739 F.2d 762 (2d Cir.1984), cert. denied, 469 U.S. 1193 (1985). *See also*

*United States v. Brito*, 907 F.2d 392, 394 (2d Cir. 1990) (a court "may dismiss an indictment for prosecutorial misconduct if the grand jury was misled or misinformed, … or possibly if there is a history of prosecutorial misconduct, spanning several cases, that is so systematic and pervasive as to raise a substantial and serious question about the fundamental fairness of the process").

Here, McCoy contends that only hearsay evidence from a cooperating co-defendant implicated him in the crimes for which he stands accused. Specifically, McCoy asserts that, based on the evidence in discovery, co-defendant Keith Sutherland has no first-hand knowledge or proof of Mr. McCoy entering or robbing a bank and that Sutherland confessed only that he stole vehicles with McCoy and another co-defendant. McCoy contends that the use of this hearsay evidence combined with the fact that the indictment does not allege that Sutherland was present at the bank robberies, but only that he stole vehicles with his co-defendants and burned money bands from one of the victim banks with McCoy, must lead to dismissal of the indictment.

McCoy's argument that the indictment must be dismissed because the only evidence against him is hearsay from a cooperating co-defendant, however, must fail. McCoy has not asserted that the Government misled the grand jury into believing that any hearsay testimony was first-hand testimony or that the Government failed to instruct the grand jury as to the nature of hearsay evidence. McCoy makes no allegations that the Government misled or misinformed the grand jury in any way and does not even allege that the only testimony given to the grand jury by Sutherland *was* hearsay. Indeed, McCoy's hearsay argument

5

ignores the bulk of federal case law affirming the use of hearsay evidence as a means – even the only means – of obtaining an indictment before a grand jury, in the absence of government misconduct.  *See, e.g., Costello*, 350 U.S. 359 (indictment returned against criminal defendants based solely on hearsay did not violate the Fifth Amendment*); United States v. Felton*, 755 F. Supp. 72, 74 (S.D.N.Y. 1991) (holding that indictment based on hearsay of one government witness with no personal knowledge was not improper where prosecutor did not deceive or mislead grand jury about the facts of the case, and apprised grand jury that evidence before it was hearsay and that it could call additional witnesses); *United States v. Ayeki*, 289 F. Supp. 2d 183 (D. Conn. 2003) (criminal defendant was not entitled to dismissal of indictment due to prosector's use of hearsay evidence before grand jury).

McCoy's assertion that the evidence against him constitutes a violation of Federal Rule of Evidence 404(a) and (b) because it is hearsay and/or inadmissible evidence of other crimes, wrongs, or acts used to show only that on a particular date Mr. McCoy acted in conformity with a particular character trait, and thus merits the dismissal of the indictment is similarly unavailing.  The Federal Rules of Evidence are inapplicable to grand jury proceedings and McCoy has failed to demonstrate the legal basis upon which an alleged violation of this Rule may lead to the dismissal of his indictment.  It is well-settled that a properly-returned indictment may not be dismissed on the basis that inadequate or incompetent evidence was presented to the grand jury.  *See Costello*, 350 U.S. at 363 ("If indictments were to be held open to challenge on the ground that there was

6

inadequate or incompetent evidence before the grand jury, the resulting delay would be great indeed. The result of such a rule would be that before trial on the merits a defendant could always insist on a kind of preliminary trial to determine the competency and adequacy of the evidence before the grand jury. This is not required by the Fifth Amendment. An indictment returned by a legally constituted and unbiased grand jury, like an information drawn by the prosecutor, if valid on its face, is enough to call for trial of the charge on the merits. The Fifth Amendment requires nothing more."); *Bank of Nova Scotia*, 487 U.S. at 261 ("the mere fact that evidence itself is unreliable is not sufficient to require a dismissal of the indictment").

Lastly, McCoy's reliance on the Court's decision in *Bruton v. United States*, 391 U.S. 123 (1968), is also misplaced and does not support dismissal of the indictment. In *Bruton*, the Supreme Court held that a criminal defendant's Sixth Amendment right to confrontation was violated when a non-testifying co-defendant's confession implicating the defendant was offered at their joint trial. 391 U.S. at 137. McCoy argues that his Sixth Amendment right to confrontation – as demonstrated by *Bruton* – was violated because the indictment was obtained solely on hearsay evidence. However, there is no right to confrontation in grand jury proceedings. *United States v. Scully*, 225 F.2d 113, 116 (2d Cir. 1955) (in grand jury proceedings "there is no right to counsel, no right of confrontation, no right to cross-examine or to introduce evidence in rebuttal and ordinarily no requirement that the evidence introduced be only such as would be admissible upon a trial"). Thus the Defendant's reliance on *Bruton* and his belief that his

Sixth Amendment rights were violated are erroneous and do not support dismissal of the indictment.

Consequently, McCoy's motion to dismiss the indictment is DENIED.

IV. **Conclusion**

For the foregoing reasons, Defendant Leroy McCoy's [Dkt. 79] Motion to Dismiss the Indictment is DENIED.

IT IS SO ORDERED.

_____/s/_____
Hon. Vanessa L. Bryant
United States District Judge

Dated at Hartford, Connecticut: August 15, 2014

8